## Kentucky Highlands Railroad Company v. Creal.

(Decided October 28, 1915.)

### Appeal from Woodford Circuit Court.

Carriers—Carriers of Passengers—Purchaser of Ticket Not Passenger in Attempt to Board Moving Train.—One who has purchased a ticket entitling him to passage on the train which he attempts to board after it is motion, is a trespasser. To one in such position, the railroad company owes no duty except that of exercising ordinary care to avoid injury to him, after the discovery of his peril.

T. L. EDELEN for appellant.

LESLIE MORRIS and H. A. SCHOBERTH for appellee.

Opinion of the Court by Judge Hannah.—Reversing.

Henry Creal sued the Kentucky Highlands Railroad Company, in the Woodford Circuit Court, to recover damages for injuries sustained by him in an attempt to board a moving train operated by the defendant. He obtained a verdict and judgment in the sum of $500, and the defendant appeals.

Glenns Creek is a station on the line of railroad operated by appellant company, between Frankfort and Versailles. It is about five or six miles from Frankfort. Between Frankfort and Glenns Creek appellant operates a mixed train consisting of both freight and passenger cars. This train leaves Frankfort and proceeds to Glenns Creek, where it takes the siding to await the passing of a through train which goes on to Versailles. When that train has passed, the Glenns Creek train goes out on the main line on the Versailles side of the Glenns Creek depot and then starts on its return trip to Frankfort.

On the morning of November 1, 1913, the through train was delayed, and the Glenns Creek train was compelled to remain on the siding about twenty minutes. While this train was on the siding appellee went into the ticket office and purchased a ticket to Frankfort, and then, as he says, boarded the train, gave his ticket to the conductor and took a seat therein with several other negroes, destined to Frankfort to attend a funeral.

Appellee testified that after boarding the train, he discovered that he had neglected to bring his purse with him; that he asked the conductor if he would have time to go to his home, a few hundred feet from the depot in the direction of Frankfort, and get his purse, and that the conductor informed him that they would wait for the passing of the through train; that he thereupon left the train and went to his home.

When he returned to the depot, the through train had passed and the Glenns Creek train had backed out from the siding on to the main line and was proceeding in the direction of Frankfort. It proceeded about seven hundred feet and passed the Glenns Creek depot without stopping. Will Patterson, a companion of appellee, boarded it as it passed; another companion of appellee, Frank Jordan, who had purchased a ticket, was at the depot as it passed but refrained from any attempt to board it. Appellee in his attempt to do so was thrown between the

coaches and the wheels of the train passed over his foot, rendering necessary the amputation of the leg just above the ankle.

Plaintiff testified that just as he grasped the hand rails of the coach of the passing train, a violent jerk thereof caused him to lose his grip and to be thrown under the wheels of the train.

Upon his own evidence, appellee failed to make out a case. One who attempts to board a moving train is not a passenger though he may have purchased a ticket entitling him to passage thereon. Ill. Cent. R. R. v. Cotter, 103 S. W., 279, 31 R., 679. Appellee was in no different position from that occupied by one who has purchased a ticket and attempts to board a train in motion, nowithstanding he had once been on the train.

To one in his position, the railroad company owed no duty except that which it owes to a trespasser, that is, upon discovery of his occupancy of a perilous position, to exercise ordinary care to avoid injury to him.

But, it is contended by appellee, and admitted by the engineer, that the engineer saw plaintiff in the act of boarding the train.

Plaintiff and his mother testified that the jerk of the train occurred just as he was in the act of boarding it. Other witnesses for plaintiff testified to a jerk of the train, but they did not see him making the attempt to get on.

The engineer testified that he saw plaintiff approaching the train as though it were his purpose to attempt to board it, but that on account of its speed, he did not think plaintiff would make the attempt; that he watched plaintiff, saw him make the attempt and saw him fall; that he then shut off the steam and applied the brakes, and at the same time, some one back on the train "angle-cocked" him, that is, some one opened a valve which is a part of the system of air brakes, the effect of which was to apply the full force of the brakes immediately. This is done only in emergencies.

It is very probable that the opening of this angle-cock was the cause of the jerk which the witnesses experienced; at least none of them mentioned any second jerking.

Counsel for appellee argues that the engineer doubtless believed that plaintiff was safely aboard, and turned and opened the throttle valve, thereby suddenly increas-

ing the speed and causing the jerk; but there was but one jerk so far as the record shows, and, in addition, the engineer had no occasion to believe that plaintiff was safely aboard, for he saw plaintiff thrown under the train and then applied the brakes.

But, if it be assumed that as counsel for appellee contends, the true version of the matter is that the engineer believed plaintiff was safely aboard and suddenly increased the speed of the train, thereby throwing plaintiff under the train, there could be no recovery by him because the railroad company owed him no duty unless his peril was discovered by its servants in time to have averted his injury by the exercise of ordinary care. He was in no peril while he was standing alongside the track, nor until he jumped and fell under the train, and there is no contention that there was any failure on the part of the engineer to do all that could have been done to prevent the injury, after appellee fell.

There being no actionable negligence in either state of case, the plaintiff could not recover. The trial court should have directed a verdict for the defendant.

Judgment reversed.