### PENNSYLVANIA R. CO. v. ROGERS.

(Circuit Court of Appeals, Third Circuit. June 27, 1917.)

No. 2206.

1. NEGLIGENCE ⊙136(9, 26)—QUESTIONS FOR JURY—CONTRIBUTORY NEGLIGENCE.

When the facts as to a defendant's negligence or deceased's contributory negligence are such that all reasonable men must draw one conclusion from them, then it is the duty of the court to peremptorily instruct the jury to render a verdict accordingly; but when there is a conflict in the testimony, such as to warrant reasonable men in drawing different conclusions, questions of negligence and contributory negligence are primarily for the jury.

2. CARRIERS ⊙320(10), 347(3)—INJURIES TO PROSPECTIVE PASSENGER—QUESTIONS FOR JURY.

In an action for the death of plaintiff's husband, plaintiff testified that he alighted from a vehicle and proceeded to a railroad station to take a train, having a ticket in his pocket; that he went towards a planked crossing provided by the railroad company as the only approach across tracks to that side of the station; that as he neared the crossing he stopped to let a car pass, and, after it had passed, looked around and then walked upon the crossing. Defendant introduced testimony tending to prove that the accident happened 23 minutes before train time, from which it was claimed that he was not going to the station to take a train, but to transact business, and that he was not walking on the crossing, but on the roadbed, from two to four feet from the crossing, or at least had one foot upon the roadbed. It also appeared that a watchman at the crossing gave him no warning, and that a member of the crew on the car nearest him gave no warning until almost at the instant he was struck. *Held*, that the court properly refused to decide the questions of negligence and contributory negligence as matters of law, as these issues could only be decided after the jury had determined deceased's relation to the defendant, and questions as to the warning given, if any, and its sufficiency.

3. CARRIERS ⊙280(1)—RAILROADS ⊙358(1), 359(1)—DEGREE OF CARE REQUIRED.

The duty of a carrier to a trespasser on its tracks is the duty to avoid willful injury; its duty to a stranger or one crossing its tracks upon a legitimate errand to its station, that of ordinary care; and its duty to a passenger, care in a high degree.

4. CARRIERS ⊙247(2)—RELATION OF PASSENGER AND CARRIER—COMMENCEMENT.

The relation of carrier and passenger is created by no prescribed course of action, but is evidenced by conduct of the person in furtherance of his bona fide intention to board the carrier's train, and is complete when by such conduct he reasonably informs the carrier of that intention and brings himself within the carrier's protection.

5. CARRIERS ⊙280(1)—INJURIES TO PASSENGER—DEGREE OF CARE REQUIRED.

When the relation of carrier and passenger is established, either when the passenger has reached the carrier's premises, or when he has boarded its train, he is entitled to receive from the carrier a high measure of care; that is, all the care which the peculiar circumstances of the place and occasion reasonably require, which will be increased and diminished ac-

---

⊙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cording as the ordinary liability to danger and accident is increased and diminished in the movement and management of trains.

**6.** CARRIERS ⬤➔325—INJURIES TO PASSENGERS—CONTRIBUTORY NEGLIGENCE— CARE REQUIRED.

In exacting of a carrier a high measure of care for the protection of its passengers, the law does not withdraw from the passenger all duty to exercise care for his own protection, but apportions between them the care which in a given situation should be exercised, and the degree of care required varies with the circumstances.

In Error to the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Action by Lena M. Rogers, administratrix of Charles A. Rogers, deceased, against the Pennsylvania Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Theodore Strong, of New Brunswick, N. J., for plaintiff in error.
Wescott & Weaver, of Camden, N. J., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. This is an action brought against the railroad company for negligently causing the death of the plaintiff's intestate. The verdict was for the plaintiff; the defendant sued out this writ.

Of the thirty-two assignments of error the defendant relied upon twenty-three, presenting questions, which, so far as they are substantial, may be classified as follows:

(1) Whether the court erred in refusing to direct a verdict for the defendant on the ground (a) that no negligence on its part was proven, and (b) that the intestate was guilty of contributory negligence; involving questions of fact which the court was asked to decide as matters of law,

(2) Whether at the time of his injury the intestate was upon the premises of the defendant (a) as a trespasser, (b) as one upon a legitimate errand, or (c) as a passenger; raising questions of law

(3) Whether the court erred in charging the jury as to the measure of care which in these several relations (a) the railroad company owed the intestate, and (b) the intestate owed himself.

The facts of the case were sharply disputed. The plaintiff testified that she drove to Princeton Junction with her husband; that arriving at a point opposite the station he gave her the reins, kissed her good-bye, alighted and proceeded to the station to take a train to Asbury Park, having in his pocket a ticket to that destination. She further testified, that to reach the station her husband had to cross two railroad tracks; that he went toward a planked crossing provided by the railroad company as the only approach for passengers to that side of the station; that over these tracks several trains were being shifted; that as he neared the crossing he stopped a moment to let a car pass, and after it had passed, he looked around and then walked on the crossing; that just then another train backed up and obscured her view; that she saw his hat fly off, and later was told that he had been

---

killed. Another witness testified that after the accident, blood stains were found upon the crossing.

The defendant contended that the intestate was not a passenger. It introduced testimony tending to prove, first, that the accident happened twenty-three minutes before train time, deducing therefrom the inference that the intestate was not approaching the station to take a train but to transact business; and second, that in approaching the station he did not walk upon the crossing, but walked on the roadbed between the two tracks and was struck by a train backing toward the crossing when he was from four to two feet from it, or when at least he had one foot upon it, arguing therefrom that he was a trespasser. D. L. & W. R. R. Co. v. James, 241 Fed. 344, —— C. C. A. ——. It further appeared that one of the crew of a nearby train was temporarily stationed at the crossing as a watchman, but gave the intestate no warning; and that on the car nearest the intestate as the train backed upon him was one of its crew, who gave him no warning until at the instant or almost at the instant the car struck him.

[1, 2] There thus appears a pronounced conflict in the testimony both as to the status of the intestate when upon the defendant's premises, and how and at what point the accident occurred. We are asked, notwithstanding this conflict, to hold that the trial court erred in submitting the case to the jury. The principle by which a trial court is controlled in withdrawing a case from the jury in the presence of such conflict of testimony, was considered by us in Philadelphia and Reading Railway Co. v. Marland, 239 Fed. 1, —— C. C. A. ——, and need not be restated, except to say, that when facts as to the defendant's negligence or the intestate's contributory negligence are such that all reasonable men must draw one conclusion from them, then unquestionably it is the duty of the court to peremptorily instruct the jury to render a verdict accordingly. But when there is conflict in the testimony such as to warrant reasonable men to draw different conclusions, questions of negligence and contributory negligence are primarily for the jury. Applying this well settled principle to the vigorously disputed facts of this case, we are satisfied that the court committed no error in refusing to decide as matters of law questions of negligence and contributory negligence, as it is clear that under the facts of the case these issues were susceptible of decision only after certain facts, such as the relation of the intestate to the carrier, the warning given, if any, and its sufficiency, had first been determined by the jury.

[3] This brings us to the question of the court's errors in charging the law. The defendant's complaint seems to be directed more to the court's refusal to accept its contention that the intestate was not a passenger than to the correctness of the law as charged upon the relation of carrier and passenger. But as we have found that the status of the intestate upon the defendant's premises was purely a question of fact, we are concerned only with the law as charged by the court upon the questions submitted to the jury. Of these the fundamental question was, whether the intestate, admittedly being upon the defendant's premises, was there as a passenger, a person upon a legitimate errand, or as a trespasser, and not knowing in which of these capacities the jury might find him, the court instructed the jury upon the law as to

each. In brief it defined the duty of the carrier to a trespasser as the duty to avoid willful injury; its duty to a stranger or one upon a legitimate errand as that of ordinary care; and its duty to a passenger to be care in a high degree; and directed the jury to apply this law as it found the fact. We discern no error in the law as stated and elaborated by the trial court.

[**4, 5**] The relation of carrier and passenger is created by no prescribed course of action. It is evidenced by conduct of the person in furtherance of his bona fide intention to board the carrier's train, and is complete when by that conduct he reasonably informs the carrier of that intention, and brings himself within the carrier's protection. But when the relation is established, (and it may be established when the passenger has reached the carrier's premises quite as well as when he has boarded its train) the passenger is entitled to receive from the carrier a high measure of care, that is, all the care which the peculiar circumstances of the place and occasion reasonably require, which will be increased and diminished according as the ordinary liability to danger and accident is increased and diminished in the movement and management of trains. MacFeat's Adm'rs v. P., W. & B. R. R. Co., 5 Pennewill (Del.) 52, 66, 62 Atl. 898.

[**6**] In exacting of a carrier a high measure of care for the protection of its passengers, varying in degree with the danger of the place and occasion, the law does not withdraw from the passenger all duty to exercise care for his own protection, but rather apportions between them the care which in a given situation should be exercised to avoid injury. Thus in Jewett v. Klein, 27 N. J. Eq. 550, the Court of Errors and Appeals of the State of New Jersey gave as the carrier's measure of care for a passenger about to cross a track to board a train on the next track the very highest degree of care, which included the duty not to move a train upon the track which the passenger was obliged to cross, and also prescribed for the passenger relatively the lowest measure of care by permitting him to assume that the carrier would do its duty, and relieving him of his customary duty to look for an approaching train. The degree of care required of both carrier and passenger varies, as we have said, with the circumstances, as where, in D., L. & W. R. R. Co. v. Price, 221 Fed. 848, 137 C. C. A. 406 (and in this case, if the intestate was a passenger), the passenger was subjected to a lesser danger than in Jewett v. Klein in crossing a track to get to the station to board a train on the opposite side. In such cases, questions whether or not the carrier was negligent and the passenger contributively negligent, have been held questions for the jury to determine on due consideration of the obligations of both the carrier and the passenger, as they arise from the peculiar dangers of the situation. Warner v. B. & O. R. R. Co., 168 U. S. 339, 18 Sup. Ct. 68, 42 L. Ed. 491; Graven v. MacLeod, 92 Fed. 846, 35 C. C. A. 47; and C. & O. Ry. Co. v. King, 99 Fed. 251, 40 C. C. A. 432, 49 L. R. A. 102. This was precisely what the trial court instructed the jury in this case. We therefore find no error.

The judgment below is affirmed.