ST. LOUIS MERCHANTS' BRIDGE TERMINAL RY. CO. v. MUNGER.

(Circuit Court of Appeals, Eighth Circuit.   October 29, 1917.)

No. 4828.

CARRIERS ⬦⟾347(2)—PASSENGERS—CONTRIBUTORY NEGLIGENCE.

   Plaintiff, proposing to take a train operated by one of defendant's tenant companies between the city where he was in business and a nearby municipality, repaired to its station a few minutes before train time.   The waiting room of the station opened upon an inclosed space separated from the tracks by a high iron fence equipped with sliding gates, which could be locked and were in charge of a gateman who controlled the movements of passengers through them.   The gateman announced the train in the waiting room, passed through the crowd of passengers in the inclosure, unlocked the gate near which plaintiff was standing, went through, and stood outside.   As the approaching train slowed down, a woman near the gate opened it and the passengers went through.   About the time the train stopped, a switch engine, with headlight burning and bell ringing, approached on the track next to the inclosure.   Plaintiff went through the open gate and started to cross the near track diagonally, with his back towards the engine, and was struck by its beam.   *Held* that, while plaintiff was a passenger, yet as he was complete master of his movements and his powers of observation, unlike a passenger on a train, it was improper to declare, as matter of law, that plaintiff was free from contributory negligence, but that question should have been submitted to the jury.

   In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

   Action by Carlton A. Munger against the St. Louis Merchants' Bridge Terminal Railway Company.   There was a judgment for plaintiff, and defendant brings error.   Reversed and remanded for new trial.

   T. M. Pierce, of St. Louis, Mo. (J. L. Howell, of St. Louis, Mo., on the brief), for plaintiff in error.

   Edward E. Campbell, of Alton, Ill. (Marion C. Early, of St. Louis, Mo., on the brief), for defendant in error.

   Before HOOK, SMITH, and STONE, Circuit Judges.

   HOOK, Circuit Judge.   Munger recovered a judgment against the Terminal Railway Company for personal injuries received at its passenger station at the foot of Washington avenue, St. Louis, Mo.   One of the defenses was plaintiff's contributory negligence, but the trial court charged the jury that the evidence of it was not sufficient to submit to them.   Of this charge, among other things, the defendant complains.

   The waiting room of the passenger station opens upon an inclosed space separated from the railroad tracks beyond by a high iron fence equipped with sliding gates.   Outside the inclosure two railroad tracks run north and south parallel with the gates.   North-bound or outgoing

trains use the east or more distant track; incoming or south-bound trains use the west track nearer the inclosure. The gates, which may be locked, are in charge of a gateman, who controls the movements of passengers through them. As bearing upon the question of contributory negligence there was substantial evidence of the following facts, and in a case where a trial court takes an issue from a jury the substantial evidence in opposition must be regarded: On the evening of November 9, 1914, the plaintiff who was in business in St. Louis and lived at Alton, Ill., went to the station to take a north-bound train to his home. The train was operated by one of the defendant's tenant companies. It ran on the east track and was due at the station about 5:53 p. m. The plaintiff arrived a few minutes before train time and joined a crowd of about 40 passengers, most of whom were in the inclosure near the gates. As a frequent patron of the place, he was familiar with the surroundings and the customary methods of operation. The gateman announced the train in the waiting room, passed through the crowd of passengers in the inclosure, unlocked the gate near which the plaintiff was standing, went through, and stood outside. He closed, or nearly closed, the gate after him, without locking it. As the train slowed down, a woman nearest the gate opened it, and the passengers went through. About the time the train stopped, a switch engine, with headlight burning and bell ringing, came south on the track next the inclosure. The plaintiff went through the opened gate, and started to cross the near track diagonally, with his back or left shoulder towards the north, when he was struck by the beam of the moving switch engine and sustained the injuries complained of. He was intent on boarding the rear coach of the north-bound train, and neither looked about him nor paid attention to the signals.

The court should not have declared as matter of law that the plaintiff was free from negligence, but should have submitted the question to the jury. See Terry v. Jewett, 78 N. Y. 338; Warner v. Railroad, 168 U. S. 339, 18 Sup. Ct. 68, 42 L. Ed. 491; D., L. & W. R. Co. v. Price, 137 C. C. A. 406, 221 Fed. 848; C., R. I. & P. R. Co. v. Eddy, 143 C. C. A. 165, 228 Fed. 643. While the legal relation between the plaintiff and the defendant is referable to that of passenger and common carrier, yet the plaintiff, unlike a passenger upon a railroad train, was complete master of his movements and his powers of observation; and, without detracting from the duty of the defendant towards him, it was for the jury to determine what care he should have taken for his own safety under the particular circumstances of the case. That one in such a situation may wholly abandon himself to the care of the railroad should not be laid down as an unvarying, inelastic rule of law. The other matters of which complaint is made may not arise again.

The judgment is reversed, and the cause is remanded for a new trial.