TRAPNELL v. HINES, Director General of Railroads.

(Circuit Court of Appeals, Third Circuit. November 12, 1920.)

No. 2589.

1. **Carriers 280 (1)—Degree of care toward passengers stated.**

A railroad must exercise every care for the safety of a passenger which a reasonable person would exercise under the circumstances.

2. **Carriers ☞282—Duty toward person boarding train, but who is not a passenger, is to exercise ordinary care.**

A person boarding a moving train, who is not a passenger, is merely a stranger or trespasser, and the railroad owes him no duty to care for his safety, except, on discovering him in a position of peril, to exercise ordinary care to save him from injury.

3. **Carriers ☞247 (1)—Essentials required in creating relation of "passenger."**

The relation of carrier and passenger commences when a person, with a bona fide intention to take passage with the carrier's express or implied consent, assumes a situation to avail himself of the transportation facilities, and it is essential that the person present himself at a proper time and place, and that the carrier have actual or constructive notice of his intention to board the train.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Passenger.]

4. **Carriers ☞247 (3)—Person attempting to board moving train not a passenger.**

A person attempting to board a moving train on the side opposite the platform, and without knowledge of defendant railroad's employés, was not a passenger, and defendant was not liable for injuries sustained by him in falling from the steps of the car.

In Error to the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Action by Joseph Trapnell against Walker D. Hines, Director General of Railroads. Judgment of nonsuit, and plaintiff brings error. Affirmed.

Frank M. Hardenbrock and Charles M. Egan, both of Jersey City, N. J., for plaintiff in error.

Parker, Emery & Van Riper, of Newark, N. J. (Chauncey G. Parker and John M. Emery, both of Newark, N. J., of counsel), for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The station of the Erie Railroad Company at Glen Ridge, New Jersey, stood on the right-hand side of Benson Avenue and on the farther side of the tracks in relation to the direction in which Trapnell was approaching it. When a block or more from the station, at the foot of the hill on the avenue, Trapnell heard the crossing-bell signalling the approach of the train he proposed to take. On nearing the station, he saw the train pulling out. Thereupon, he ran to the middle of the street-crossing on the side opposite that of the station and boarded or attempted to board the train then moving at a speed variously estimated. Having a pack-

age in his right hand, he took hold the step-rail or grab-iron with his left hand, put his right foot on the first step, then his left foot on the second step, and was in the act of raising his right foot to the third step when the train gave a lurch which caused him to be thrown to the ground and to sustain the injury of which he complains in this action.

The plaintiff sued as a passenger. In his complaint he charged the defendant carrier with the duty so to operate his train as to avoid injury to his passengers, and alleged as a breach of that duty, that, after he had boarded the slowly moving train in safety, the defendant, negligently omitting to allow him reasonable time in which to secure a seat within the car, recklessly and negligently caused the train suddenly and violently to pitch and lurch forward

"at a time when the engineer in charge of the said train knew that passengers boarding said train had not been given reasonable time to procure seats within the body of the car."

The defenses were lack of negligence on the part of the defendant, and contributory negligence on the part of the plaintiff both at common law and by force of a statute of New Jersey. Section 55, General Railroad Law, page 4245. Under this statute any person injured "by jumping on * * * a car while in motion" is deemed to have contributed to his injury and is barred from recovery.

The issue of contributory negligence was sharply controverted by the plaintiff, first, on the theory that his injury was not sustained when boarding the train, but after he had boarded the train in safety; and second, on the inapplicability of the New Jersey law under his interpretation that it relates only to instances where a person jumped, not where a person stepped, on a moving train, within the definitions of the two words, the former denoting a bodily movement with both feet off the ground and the latter a movement with but one foot off the ground. The plaintiff further defended the countercharge of contributory negligence because of the unconstitutionality of the cited statute in that the legislature exceeded its powers and invaded the province of the judiciary in prescribing what shall be conclusive evidence of contributory negligence. United States v. Klein, 13 Wall. 128, 20 L. Ed. 519; 8 Cyc. 820, 821, 926, cases cited. The court entered judgment of non-suit on two grounds; because of contributory negligence established by force of the New Jersey statute,—the constitutionality of which was inferentially sustained; and the lack of proof of negligence on the part of the defendant. This writ brings the judgment here for review.

[1, 2] We lay aside the questions of interpretation and constitutionality of the New Jersey Act and go directly to the question of the defendant's negligence. On the assumption—most favorable to the plaintiff—that the lurch of the train was the proximate cause of his injury, we inquire, first, what duty did the defendant owe the plaintiff? The duty which the defendant owed the plaintiff depended upon their relation one to the other at the time of the injury. If the plaintiff was a passenger on a train of the defendant carrier the defendant owed him the duty to exercise for his safety every degree of care,

diligence and skill which a reasonable man would use under the circumstances. MacFeat v. P., W. & B. R. R. Co., 5 Pennewill (Del.) 52, 67, 68, 62 Atl. 898; Id., 6 Pennewill (Del.) 513, 69 Atl. 744; Warner v. B. & O. R. R. Co., 168 U. S. 339, 18 Sup. Ct. 68, 42 L. Ed. 491; D., L. & W. R. R. Co. v. Price, 221 Fed. (C. C. A. 3d) 848, 137 C. C. A. 406. If the plaintiff was not a passenger, he was a stranger or trespasser, and the defendant owed him no duty except on discovering him in a position of peril to exercise ordinary care to save him from injury. Kentucky Highlands R. R. Co. v. Creal, 166 Ky. 469, 179 S. W. 417, L. R. A. 1916B, 830, Ann. Cas. 1917C, 1205. As the plaintiff brought this action as a passenger and declared on a breach of the defendant's corresponding duty, the next question is, whether there was evidence, which, if submitted to a jury, would sustain a finding that he was a passenger.

[3] The relation of carrier and passenger commences when a person with a bona fide intention to take passage, with the consent of the carrier, express or implied, assumes a situation to avail himself of the facilities of transportation which the carrier offers. Pere Marquette R. R. Co. v. Strange, 171 Ind. 160, 84 N. E. 819, 85 N. E. 1026, 20 L. R. A. (N. S.) 1042, 1046. The essentials of this relation are that the person intending to become a passenger must present himself at a proper time, and in a proper manner, and at some place under the control of the carrier, so that the carrier may have opportunity to exercise the high degree of care which the law exacts from it in the passenger's behalf. 4 R. C. L. 1031, 1032, and cases. To this end it is essential that the carrier have knowledge of the fact that the person intends to board the train; knowledge in this case being either actual or such as is charged to it by reason of the acts and conduct of the person and by such facts and circumstances as would reasonably inform and notify the carrier of the person's intention to board its train. MacFeat v. P., W. & B. R. R. Co., supra.

[4] Conscious of the care which the law exacts for the protection of passengers, the defendant carrier in this instance afforded the plaintiff a station platform from which to board the train, time in which to board the train, and the protection of the customary train attendants. The plaintiff did not avail himself of these instrumentalities of safety but boarded the train on the wrong side after the train had started; that is, on a side at which the carrier had made no preparation to receive passengers and at a time when the carrier had, by starting the train, withdrawn his invitation to passengers. There is no evidence that any of the trainmen knew and no circumstance charging any of them with knowledge of the plaintiff's attempt to board the train, or of the fact that later he had gotten on the steps of the car, except that a man (who might have been a trainman) was standing on the platform, and who in an instant realized the plaintiff's danger and tried to save him from falling. As the plaintiff in thus boarding the train did not put himself in the care of the carrier and did not bring his presence to the carrier's knowledge, he was not a passenger in contemplation of law. Spannagle v. Chicago & Alton R. R. Co., 31 Ill. App. 460; Southern Railway Co. v. Smith, 86 Fed. 292, 30 C. C. A. 58, 40 L.

R. A. 746; Kentucky Highlands R. R. Co. v. Creal, 166 Ky. 469, 179 S. W. 417, L. R. A. 1916B, 830, Ann. Cas. 1917C, 1205.

Failing to establish the relation and corresponding duty on which alone his right to recovery was based, the plaintiff failed to prove negligence on the part of the defendant. The trial court therefore committed no error in entering judgment of non-suit.

Affirmed.