MARTHA A. PENCE, Appellee, v. THE WABASH RAILROAD COMPANY, Appellant.

VERDICT HELD NOT EXCESSIVE. Where in an action against a railroad company for injuries sustained by a passenger, there is evidence of permanent disability, a verdict for $1,750 is not excessive.

Injury to Passenger:   ELEMENTS OF DAMAGES. In an action against a railroad company for injuries sustained by a passenger, pain and suffering are to be considered as elements of damage.

LOSS OF CONTRACT TO WORK. In an action against a railroad company for injuries sustained by a passenger it was proper to admit testimony as to an arrangement plaintiff had with her daughter, whereby plaintiff earned her living, her injury being such as to render her incapable of earning her living under such contract.

CONTRIBUTORY NEGLIGENCE: *Instructions.* In an action against a railroad company for injuries, defendant requested an instruction that if plaintiff, having stepped on the first step of one of the cars, and before getting into the car, attempted to get off, whether the train was in motion or not, and fell while attempting to get off, and was injured, defendant was not liable for the injuries. The court gave the instruction, with the

addition, "Unless she was directed to get off by an employe of defendant in charge of the train, and obedience in such direction would not lead her into any apparent danger, such as an ordinarily prudent person would not assume." *Held*, that the charge as given, was a correct statement of the law.

*Same.* Defendant requested the court to charge that if plaintiff undertook to board the train while in motion and was injured, she was guilty of contributory negligence, and the court added, "Unless she was directed by some employe of defendant in charge of the train, and her obedience to such instruction would not lead her into apparent danger, such as a prudent person would not assume." *Held*, that the instruction as given was a correct statement of the law.

*Same.* The instruction, without the modification, was more favorable than defendant was entitled to.

*Same.* Defendant could not complain of the instructions, it appearing that the court subsequently instructed that if the train was not stopped a sufficient length of time to enable plaintiff to get aboard safely, and she attempted to board it while in motion, and was injured, she was guilty of contributory negligence.

*Charge and proof.* A contention that the modified instructions were erroneous, as not sustained by any evidence, was without merit, plaintiff having testified that the train was in motion, and that she was directed to board it by a brakeman.

**Review on Appeal:** PREPONDERANCE. Though, in an action against a railroad company for injuries sustained by a passenger, a greater number of witnesses support defendant's theory of the manner in which the injuries were received, on appeal, the supreme court court cannot weigh the preponderance of the evidence, such determination being with the jury.

ADMISSION OF TESTIMONY OUT OF ORDER. Where, in an action against a railroad for injuries, evidence regarding plaintiff's health before the accident, not strictly rebuttal in character, was admitted in rebuttal over defendant's objection, it not appearing defendant was prejudiced the order of admission of evidence was not ground for reversal of a verdict for plaintiff.

*Appeal from Davis District Court.*—HON. F. W. EICHEL-BERGER, Judge.

THURSDAY, APRIL 10, 1902.

ACTION at law to recover damages for injuries sustained by plaintiff while attempting to board defendants passenger train. Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Geo. S. Grover* and *S. S. Caruthers* for appellant.

*Payne & Sowers* for appellee.

DEEMER, J.—Plaintiff went to Bloomfield, a station on the defendants line of road, to board a passenger train, northward bound, for the town of Belknap. While there she was injured by being thrown, or falling, on the station platform. She claims that, as she was about to board the cars, the defendant's brakeman directed her to go further ahead and board the cars at the next opening; that she did as she was bidden, and after mounting the steps was again notified by the brakeman not to enter the car, but to get off and go to the next opening ahead; that she started to obey the order, and just as she was in the act of alighting the train started with a sudden jerk, threw her on the platform, broke her arm, and caused the other injuries of which she complains. Defendant denies these claims, and says that plaintiff's injuries were due, either to plaintiff's attempt to board the train while in motion, or to her swooning away from fright or excitement after she had safely alighted from the train. A number of special interrogations were submitted to the jury, the answers to which negatived the defendant's claim, and a general verdict was returned for the plaintiff.

Defendant contends that neither the answers to the special interrrogations nor the verdict have support in the evidence. That there is a conflict in the testimony is conceded, but the contention is that the great weight of the evidence is with the defendant. While it is true that the greater number of witnesses support the defend-

ant's theory, yet it is not our province to weigh the testimony and determine the preponderance. That, as counsel well know, is for the jury.

Claim is made that there is no evidence of permanent disability, and that the verdict is excessive. We do not agree with counsel on either proposition. There was evidence of permanent disability, and the size of the verdict, it being for $1,750, does not indicate passion or prejudice. Other matters than impairment of earning capacity were proper to be considered, e. g., pain and suffering.

Testimony as to arrangement plaintiff had with her daughter and son-in-law for her board was properly admitted in evidence. Her injury was such as to forfeit her claims under this contract and destroy her capacity to earn a living.

Testimony was received in rebuttal over defendant's objections regarding the condition of plaintiff's health before receiving the injuries of which she complains. While not strictly rebuttal in character, the evidence was competent, and relevant to the issues, and we do not reverse because received out of order. Defendant did not ask permission to meet this evidence, and no prejudice resulted.

II. Defendant asked two instructions, which were given, with modifications shown in italics, as follows:

"(13) If the plaintiff, having stepped upon the first step of one of the cars of train in question, and before getting into the car, attempted to get off the same, whether the train was in motion or not, and fell while attempting to get off, or just after getting off, and received the injuries complained of from such fall, then the defendant is not liable for such injuries, *unless she was directed to get off by an employe of the defendant in charge of the operation of said train, and*

*obedience to such direction would not lead her into any apparent danger, such as the ordinarily prudent person would not assume."*

"(18)   If the plaintiff undertook to board the train in question while it was in motion, and by reason thereof got injured, then she is guilty of contributory negligence, and cannot recover in this case, *unless she was directed by some employe of the defendant in charge of the train, and her obedience to such instruction would not lead her into apparent danger, such as an ordinarily prudent person would not assume."*

It is contended that these modifications were erroneous, because incorrect statements of law, and for the further reason that there was no evidence to sustain them.   There is no question in our mind that they announce correct abstract propositions of law.   Indeed No. 18, without the modification, was more favorable to defendant than it was entitled to. *Galloway v. Railway,* 87 Iowa, 468.   Moreover, the whole matter was covered in instruction No. 19, and defendant has no cause for complaint.   No. 19 was as follows:

"(19)   Even if defendant's train was not stopped a sufficient length of time to enable plaintiff to get aboard said train safely, and if plaintiff attempted to get aboard of said train while in motion, and was thrown from the train because of said attempt to get aboard the train while in motion, and was thereby injured, then she was guilty of contributory negligence, and cannot recover in this case."

There was evidence to the effect that the cars were in motion when plaintiff attempted to board them, and that she was directed to board them at the time she did.   True, this evidence was introduced by plaintiff herself, but it was in the case, and the jury was properly instructed on this feature.

There is no claim that the instructions were contradictory, and we give that point no consideration, further than to state it.

Some of the answers to the special findings were modified by the trial court, but with the modification there is nothing in them inconsistent with the general verdict. Indeed, nearly if not quite all the interrogations were objectionable, and there would have been no error in refusing to submit them.

There is nothing in the answers to indicate that the jury was influenced by passion or prejudice in returning the verdict.

No prejudicial error appears, and the judgment is AFFIRMED.