### BIRKETT v. POSTAL TELEGRAPH–CABLE CO.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1905.)

FRAUD OF AGENT—LIABILITY OF PRINCIPAL.

Where the agent of a telegraph company, having superintendence of an office, rendered a customer accounts showing excessive charges, and the same were paid by the customer, the telegraph company was liable for the excess, though the customer had a tariff book, from which he could have ascertained that he was being defrauded, and though the excess charges were retained by the agent.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Principal and Agent, §§ 589–598.]

Appeal from Judgment on Report of Referee.

Action by Clarence T. Birkett against the Postal Telegraph-Cable Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

The appellant from 1899 to 1903 had in its employ, as manager at Penn Yan, one Harrington. The business carried on at the defendant's office was quite extensive for a country village, and the part contributed by the plaintiff was large. Harrington was in full control of this business for the defendant. A rule of the company required that he deposit the funds of the company in the bank "in its official name or to the credit of the company in its corporate name." He chose the first of these alternatives, and deposited in the local bank to his credit as manager the money he received belonging to the defendant. He only had one account at this bank, and checked against it to meet the expenses of the defendant at the Penn Yan office, including his own salary. Harrington rendered itemized statements each month to the plaintiff on blanks furnished by the defendant for that purpose, and the plaintiff paid him mainly by check as they were rendered. In 1903 he accidentally discovered an overcharge, which led to an investigation, disclosing that he had been systematically mulcted by Harrington, who confessed his guilt and absconded. An extended examination proved the extent of these false accounts, consisting of fictitious items and excessive charges, was $2,480.24. Harrington had remitted proper sums and rendered correct statements of the accounts to the defendant.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

J. W. Hammond, for appellant.
Calvin J. Huson, for respondent.

SPRING, J. The rule of law governing this case is elementary. A principal is liable to a third person for the misconduct of his agent committed in the line of his employment, even though the offense was in excess of his authority, "and the principal did not authorize, justify, or know of it." Nowack v. Met. St. Ry. Co., 166 N. Y. 433–440, 60 N. E. 32, 54 L. R. A. 592, 82 Am. St. Rep. 691; Jarvis v. Manhattan Beach Co., 148 N. Y. 652–657, 43 N. E. 68, 31 L. R. A. 776, 51 Am. St. Rep. 727 et seq.

Conceding this rule of law, the appellant contends that Harrington was not in the line of his employment in making false entries in the accounts rendered to the plaintiff. Harrington had general superintendence of the defendant's office in Penn Yan. He had the exclusive handling of its funds at that village. He was charged with the rendition of the accounts to the plaintiff, and with collecting for the telegrams and cablegrams sent by the plaintiff and upon which there were charges for transmission. He was acting within the scope of his agency in receiving the money for the benefit of the defendant. If the plaintiff had paid the exact amount due, and Harrington had misappropriated it, the plaintiff could not have been compelled to respond over again on account of the misconduct of Harrington. Of course, Harrington was not authorized to collect money of the plaintiff for telegrams never transmitted; but it was his duty to collect the sums actually due for their transmission. If he collected more than was due, he did that because of his agency. The agent, in his dealings with the plaintiff, turned out to be dis-

honest while acting in that capacity. His delinquency does not exonerate the defendant to the plaintiff, who relied upon the manifest authority of Harrington. The principal cannot so easily evade liability for the misdeeds of its agent. The general line of employment is fixed by the agency, and in whatever an agent does to an innocent third person within that general line, although ultra vires, he represents his principal. If a conductor uses undue violence in removing a passenger from a train, the railroad company is liable. The company does not authorize the conductor to handle the passenger harshly; but it does empower him in certain cases to eject the passenger, and it must be held civilly responsible for whatever the conductor does in carrying out the authority intrusted to him, even though he oversteps his instructions. The rule here applicable is founded on the old maxim that the principal is responsible for his agent, not the innocent third person.

The plaintiff was furnished with the tariff books of the defendant, and by examination of each statement with the tariff rates could have ascertained that he was being cheated. It is urged that he was negligent in failing to make these examinations, and should not, therefore, be permitted to recover. The plaintiff was not obliged to act on the assumption that Harrington was defrauding him. The defendant had placed its agent in the responsible position of manager of its business. It vouched for his integrity to its patrons. They had a right to assume he was honest, and were not called upon to enter into any inspection of the items of his accounts, for the purpose of discovering either fraud or mistake. The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.