M. V. GANNON, Administrator of the Estate of PATRICK JOSEPH KILEY, Appellant, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

Railroads: PASSENGERS: NEGLIGENCE. The relation of passenger is not severed by temporarily alighting at a passenger station, while the train is waiting, for the purpose of exercise upon the station platform; and if the train is started without reasonable warning and opportunity to reenter the car, the carrier is negligent in

performing its contract of transportation, and is liable for the natural consequences of such negligence, unless the passenger has contributed to his injury.

Same: CONTRIBUTORY NEGLIGENCE. It is not conclusively negligence to attempt to board a moving train, when done with the approval and assistance of an employee authorized to act with reference to the transportation of passengers on the train; and a porter of a Pullman car is such an employee.

Same: JUDICIAL NOTICE. Courts will take judicial notice that porters of Pullman cars usually assist passengers in entering and alighting therefrom; and passengers may assume that they are employees of the railway company in such sense that they may be relied upon for such assistance.

Contributory negligence. Where the speed of the train when plaintiff attempted with the assistance of the porter to board it was not shown, and the evidence was not conclusive of his negligence in holding to the car after losing his footing, and that he was aware of his danger, his contributory negligence was not conclusively shown, and a directed verdict for defendant should not have been entered.

*Appeal from Scott District Court.*—HON. A. J. HOUSE, Judge.

SATURDAY, OCTOBER 24, 1908.

REHEARING DENIED TUESDAY, JANUARY 26, 1909.

PLAINTIFF, as administrator of the estate of one Kiley, instituted this action to recover damages to decedent's estate resulting from the death of decedent from injuries received through the negligence of defendant's employees while deceased was a passenger attempting to get on board the train of defendant on which he was entitled to transportation. At the conclusion of the evidence, the court sustained a motion to direct a verdict for the defendant, and judgment for the defendant was entered accordingly. From the ruling on the motion, and from the judgment entered, the plaintiff appeals.—*Reversed.*

*Lane & Waterman* and *M. V. Gannon,* for appellant.

*Carroll Wright, J. L. Parrish, J. H. Johnson* and *Cook & Dodge,* for appellee.

McCLAIN, J.—There is evidence in the record from which the jurors might have found, if the case had been left to their determination, that decedent and his wife, being passengers on a train of defendant, and riding in a Pullman car, dismounted from the train at Davenport for the purpose of resting themselves by walking on the platform during such time as the train might be stopped there, having the assurance of the Pullman conductor that there would be a stop of at least ten minutes; that, at the expiration of five minutes, the train was started without such signal or warning as to enable them with reasonable diligence to get up the steps of their car before the train was in motion; that Mrs. Kiley mounted the steps in safety, and the Pullman porter mounted after her, while the decedent, holding on the hand-hold with his left hand, ran along with the train, attempting to mount with the assistance of the porter; and that, after thus running for twenty-five or thirty feet, deceased lost his footing, and was dragged still further, when his body struck against the girder of a bridge over a street crossing and he received injuries which resulted in his death. While decedent was thus being dragged along, Mrs. Kiley appealed to the Pullman porter to stop the train, and, after a second appeal from her, he did so by pulling the cord operating the air brakes; but, before the train stopped in response to this action of the porter, the injuries to deceased had occurred. The only questions we need consider in determining the correctness of the action of the court in directing a verdict for the defendant are whether there was any evidence of negligence on the part of defendant's servants or employees causing the injury to deceased, and whether

there was any evidence that deceased was not guilty of contributory negligence.

I.   Deceased continued to be a passenger while temporarily on the station platform, intending to continue his journey on the train, having descended from the train for a temporary and proper purpose, that of exercise and relief from the fatigue of travel while the train should be stopped. *Parsons v. New York C. & H. R. R. Co.,* 113 N. Y. 355 (21 N. E. 145, 3 L. R. A. 683, 10 Am. St. Rep. 441); *Dodge v. Boston & Bangor Steamship Co.,* 148 Mass. 207 (19 N. E. 373, 2 L. R. A. 83, 12 Am. St. Rep. 541).   "We think the weight of authority, reason and custom all require us to hold that where a passenger, without objection by the company or its agents, alights at an intermediate station, which is a station for the discharge and reception of passengers, for any reasonable and usual purpose, like that of refreshment, of sending or receipt of telegrams, or of exercise by walking up and down the platform, or the like, he does not cease to be a passenger, and is justified in the belief that the company is exercising due care for his safety." *Alabama G. S. R. Co. v. Coggins,* 88 Fed. 455, 458 (32 C. C. A. 1).   If with knowledge that the passenger thus on the platform is intending to continue his journey on the train it is started without reasonable warning and opportunity for him to safely reenter the car, the carrier is negligent in performing its contract of transportation, and is liable for the natural consequences of such negligence, unless the passenger has contributed to his injuries so as to defeat his right of recovery.

II.   The attempt of deceased to mount the steps of the car after the train was in motion was not *per se* and necessarily contributory negligence on his part.   It is true that by statute it is a crime for any one not employed on the train, or not an officer of the law in the discharge of

*Margin note beside paragraph I:* 1. RAILROADS: passengers: negligence.

his duty, to get upon or off a car of any railroad company while the same is in motion without the consent of the person having the same in charge (Code, section 4811); but such act is not conclusively negligent if done with the consent, approval, or assistance of the conductor or brakeman or other employee authorized to act with reference to the transportation of the passenger on the car in question. *Pence v. Wabash R. Co.,* 116 Iowa, 279; *Galloway v. Chicago, R. I. & P. R. Co.,* 87 Iowa, 458. That the porter of a Pullman car is an employee of the railway company engaged in the transportation of the passengers riding in such car in the same sense that a brakeman of a train is such employee is well settled. *Pennsylvania Company v. Roy,* 102 U. S. 451 (26 L. Ed. 141); *Williams v. Pullman Palace Car Co.,* 40 La. Ann. 417 (4 South. 85, 8 Am. St. Rep. 538); *Dwinelle v. New York C. & H. R. R. Co.,* 120 N. Y. 117 (24 N. E. 319, 8 L. R. A. 224, 17 Am. St. Rep. 611). The cases relied upon as to this point by appellee are not pertinent. They involve the relations between the railway company and the porter of a Pullman car as involving the right of the porter to recover in an action against the railway company. See *McDermon v. Southern Pacific Co.* (C. C.) 122 Fed. 669; *Chicago, R. I. & P. R. Co. v. Hamler,* 215 Ill. 525 (74 N. E. 705, 1 L. R. A. (N. S.) 674, 106 Am. St. Rep. 187); *Baltimore & O. S. W. R. Co. v. Voigt,* 176 U. S. 498 (20 Sup. Ct. 385, 44 L. Ed. 560.)

It is argued for appellee that there is no evidence in the record as to the authority of the Pullman porter; but we can certainly take judicial notice of the fact that the porters on Pullman cars with the consent of the railway company usually assist passengers in alighting from and entering such cars in the same way that brakemen render like assistance to persons riding in the ordinary passenger coaches, and

*2. Same: contributory negligence.*

*3. Same: judicial notice.*

that a passenger is justified in assuming that the Pullman porter is an employee of the railway company in such sense that he may be relied on by the passenger for such assistance or guidance as to his conduct.

If the act of deceased in attempting to mount the steps of the car after it was in motion was not in itself conclusively negligent, then there was not such evidence 4. CONTRIBUTORY of contributory negligence as to justify the NEGLIGENCE. court in taking the case from the jury on the ground of the negligence of the deceased. It does not appear just how fast the car was moving at the time when plaintiff took hold of the hand rail, and attempted with the assistance of the porter to mount the steps, and there is no conclusive evidence that he was negligent in not desisting from his effort, after he lost his footing and was being dragged along the platform, for under such circumstances danger might have reasonably been anticipated from releasing his hold and dropping to the platform near the wheels. It does not appear from any conclusive evidence that deceased was aware of the danger from the girder toward which he was being carried. The cases relied upon in this respect for appellee are cases where a passenger was shown without question to have been aware of such danger. See *Hunter v. Cooperstown & S. V. R. Co.,* 126 N. Y. 18 (26 N. E. 958, 12 L. R. A. 429); *Knight v. Railway Co.,* 23 La. Ann. 462. Other cases relied on for appellee involving a finding of negligence in an attempt to get on or off a car while in motion lack the element which is present in this case of the approval and assistance of an employee in charge of the car.

The trial court was not justified in directing a verdict for the defendant, and its ruling in that respect and in entering judgment for the defendant is *reversed.*