# Cleaney v. Parker.

## Damage for an Assault.

(Decided Feb. 26, 1910.   51 South. 9851.)

1. *Appeal and Error; Harmless Error; Pleading.*—Where the evidence practically undisputed, would have supported a verdict under either count as amended and the amended complaint was not materially variant from the original complaint, any error in sustaining demurrer to the original complaint was harmless.

2. *Master and Servant; Tort of Servant; News Butch.*—In an action against the news company for an assault and for damages for loss suffered in estate and feelings by a person on the train who is compelled by the news agent to pay an extra dime for lemons purchased, it was error to permit a rule for the news agent, unknown to the plaintiff, that on complaint of conductors news agents would be discharged.

3. *Same; Scope of Employment.*—A news agent on a train is acting within the scope of his employment so as to bind his principal where he tortiously demands extra pay for goods purchased.

4. *Same; Jury Question.*—Where a news agent on a train tortiously demands and exacts from a passenger on the train extra compensation for goods purchased, it was a question for the jury under the evidence in this case to say whether the passenger suffered actual damage in addition to the extra compensation exacted.

APPEAL from Coosa Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by Mrs. Nellie Cleaney against T. C. Parker and others.   From a judgment for defendant, plaintiff appeals.   Reversed and remanded.

The oral charge of the court is as follows: "If you find after this transaction he (Elrod) said nothing more to her about the payment until she, after receiving the lemons, and paying the dime which had been received, said to Elrod, the news agent, 'Was that a sufficient sum to pay you?' and Elrod by that inquiry was induced to practice a fraud upon her by saying 'No,' and she after that paid him another dime, then I charge you that in the collection of the second dime

[Cleaney v. Parker.]

Elrod was not acting within the line and scope of his authority. If you believe from the evidence that he was collecting the second dime, intending to appropriate it to his own use, and not to the use of the Parker Railway News Company, the defendant would not be responsible; for in that event the fraudulent collecting of the dime was Elrod's individual tort." Further charging the jury, the court said, that "if you believe from the evidence that after the sale of the lemons and the receipt of the dime Elrod, the defendant's agent, was talking to a lady in the car, and then turned to Mrs. Cleaney and said that she had not paid for those lemons and demanded the money a second time, I charge you that in the receipt of the money the first time Elrod was acting within the line and scope of his authority, and that his authority ended after collecting the dime, and that if you believe from the evidence that, after collecting the first dime, he turned back to Mrs. Cleaney and demanded the money a second time, he was not acting within the line and scope of his authority as the defendant's agent, and the defendant would not be liable for his so doing." Further charging the jury, the court said: "I charge you that, if the plaintiff was entitled to recover at all, the only damages she sustained would be the extra dime she paid for the lemons."

D. H. RIDDLE, for appellant. Counsel discuss assignments of error relative to the pleading but without citation of authority. The court erred in its oral charge. —*Richburger v. Am. Ex. Co.*, 55 Am. St. Rep. 522; 14 A. & E. Ency. of Law, p. 808. The court erred as to the measure of damages.—*A. G. S. v. Davis,* 119 Ala. 580; *Pullman Car Co. v. Lutz,* 45 South. 675. The court erred in giving charge 3 for the defendant.—*Southern Ry. v. Crowder,* 130 Ala. 265; *A. G. S. v. Davis, supra.*

The court erred in giving charge 4 for the defendant.—
*Pullman Car Co. v. Lutz, supra; Kress, et al. v. Lawrence,* 47 South. 574. Plaintiff was entitled to the general affirmative charge.—*Talbert's Case,* 121 Ala. 35.
On the authorities above set out, the counsel insist that
the court erred in refusing defendant's requested
charge.

LACKEY & BRIDGE, for appellee. If the court erred in
sustaining demurrers to the complaint it was without
injury.—*Carlton v. C. of Ga.,* 46 South. 495. Under the
facts in this case, the master was not liable and the
charges given by the court were not error.—*Goodloe v.
M. & C.,* 127 Ala. 23; *Water Works v. Herbert,* 85 Ala.
179; *Evansville R. R. Co. v. Vaughan,* 26 Ind. 70; *Rollar v. O'Connell,* 44 Am. St. Rep. 361; *Mali v. Lord,* 100
Am. Dec. 448.

MAYFIELD, J.—The appellant, a woman, was a
passenger on board the train of the Central of Georgia
Railway Company. The appellees were conducting
what is commonly known as a "news butch business"
on said train. Appellant bought some lemons from the
"butch,' appellees' agent, in charge of their business on
said train, and, as she claims, paid the price of 10 cents
therefor. Appellant claims that she was not certain
that she had paid the "butch" for the lemons, and again
asked him the price that he replied 10 cents; that the
"butch" again demanded of her the price, which she declined to pay, saying she had paid him once; that he
denied this, and insisted upon her paying the dime,
which she refused to do; that the "butch" then attempted to take the lemons from her; that she thereupon threw up her hands to ward him off, telling him
she would pay him the dime rather than have him take
the lemons from her that she then paid him the dime,

[Cleaney v. Parker.]

and he, putting it in his pocket, replied that he was in a dime and that this was his profit. The appellant sued to recover the damages and losses suffered to her estate and feelings.

The loss to her estate was one dime, which, under all the evidence, if true, she was entitled to recover. Whether she was entitled to recover as for an assault, insult, or injury to her pride or feelings was clearly a question for the jury, and they seem to have decided it against her.

If there was any error in sustaining demurrers to the original complaint, it was clearly without injury, because the same evidence, which is practically without dispute, would have supported a verdict under either count as amended, if it would have supported one under either count of the original complaint. The complaint as amended, and as to which demurrers were overruled, was not practically or materially different from the original as to which the demurrers were sustained.

The trial court erred in allowing defendants to prove, over plaintiff's objection, their rule with news agents, where a complaint is made by a conductor. The plaintiff was not shown to have any knowledge, actual or constructive, of such rule, nor was it binding upon her, and it could not tend to exculpate the defendants from the wrong of the agent. Such a rule as was shown, of discharging agents upon the complaint of conductors, could not exempt the defendants from liability for the acts of agents before they were so discharged.

We also think the trial court erred in those parts of its oral charge to which exceptions were reserved, in so far as the court instructed the jury that the agent of defendants was not acting within the line and scope of his authority in collecting the second dime from plain-

tiff. While, in collecting the second dime, he may have exceeded—probably did exceed—his authority and violated instructions from his principals, yet it was clearly within the line and scope of his authority in such manner as to render the defendants liable to plaintiff for such tort of the agent; while it was the tort of the agent, as between him and his principals, it was the tort of both, as between them and the plaintiff.

While it is true and correct, as stated by the court in its instructions to the jury, that the damage to plaintiff's estate was only one dime, yet it was a question for the jury, under all the evidence, as to whether she was entitled to any other actual damages.

The effect of the court's instructions was that plaintiff could only recover back the dime which she was wrongfully required to pay by the defendants' agent. This was probably an invasion of the province of the jury.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MCCLELLAN, JJ., concur.