BLANKENBAKER, Respondent, v. CHICAGO., M. & ST. P. RY. CO. et al (C., M. & ST. P. RY. Co., Appellant).

(168 N. W. 744).

(File No. 4366.	Opinion filed Sept. 3, 1918.	Rehearing denied November 4, 1918).

1. **Evidence—Damages for Assault—Plaintiff's Guilt of Another Matter—Justice's Docket Plea of Guilty, Admissability.**

   In a suit for damages against a railroad company and others for an assault upon plaintiff by a newsboy, who was permitted to operate on defendant's train under a contract between it and the newsboy's principal, plaintiff's creditability as witness not being materially involved, held, that a justice's docket, showing plaintiff's entry of plea of guilty to having stolen property, was properly rejected.

2. **Carriers—Negligence—Newsboy's Assault on Passenger, Recovery—Independent Contractor, re News Agent—Railway's Liability—Sleeping Car Service Compared—Directing Verdict.**

   Where, in a suit for damages for assault upon plaintiff by a newsboy traveling upon defendant railway company's train, it appeared that the newsboy, engaged in selling books, papers, etc., to passengers, and collecting therefor, and who was acting under a concession granted by the railway company to an independent corporation defendant, operator of railway restaurants along the railway line, held, that a motion by defendant rail-

way company for verdict, upon the ground of plaintiff's failure
to prove that any railway employee apprehended or had reason
to believe that an assault was likely to be committed, or that
the conductor, etc., had notice or knowledge of the assault, or
an opportunity to have prevented it, and because no negligence
by the defendant railroad to perform its duty toward plaintiff
as a passenger, had been shown,—was properly overruled; the
assault having occurred while the newsboy was engaged in
making sales under said contract. **Held,** further, that a news
agent, performing such duties upon passenger trains, is part of
the passenger service furnished by railway company to its pa-
tron passengers, and stands upon the same legal basis as sleep-
ing car service and employees; and, although such agent is in
immediate employ of an independent contractor obligated by
contract with the railway company to perform such services, he
is still agent of the railway company as concerns transportation
of passengers; such agent's services being performed by the
railway company as part of its general passenger transporting
service.

3. **Negligence—Assault of Passenger by Newsboy—Whether Involv-
ing Negligence, Or Tort?—Allegation of Negligence, Whether
Necessary?**

The question involved in such case is not one of negligence,
but is one of liability of a principal for wrongful tort actions of
the agent done within scope of the agent's authority; and an
allegation of negligence in the complaint is unnecessary.

Appeal from Circuit Court, Brown County. HON. THOMAS
L. BOUCK, Judge.

Action by R. R. Blakenbaker, against the Chicago, Milwaukee
& St. Paul Railway Company, and the Van Noy Interstate Com-
pany, to recover damages for personal assault. From a judgment
for plaintiff against both defendants, and from an order denying
a new trial, defendant Railway Company, appeals. Affirmed.

*Porter & Grantham,* for Appellant.

*Frank McNulty,* for Respondent.

(1) Under point one of the opinion, Appellant submitted that:

The impeachment by such records affecting the credibility of
the witness goes to the veracity of the plaintiff as a witness, he
having testified to his plea of guilty in one case and denied his plea
of guilty in the second case. These propositions are material be-
cause, as instructed by the court, it has a bearing upon the witness,
credibility.

(2) To point two, Appellant cited:

Chicago, T. H. & S. E. Co. vs. Fisher, (Ind.) 110 N. E. 240; N. J. Steam Boat Co. vs. Brocket, 121 U. S. 637; Stewart vs. N. Y. R. R. Co., 90 N. Y. 568; Va. Ry. & Power Co. vs. McDemmick (Va.) 86 S. F. 744; Norris, et al vs. Southern Ry. (S. C.) 65 S. E. 956; and also in Franklin, et al, vs. Atlantic & C. Ry. Co. (S. C.), 54 S. E. 578; Neville vs. Gulf C. & S. F. Ry. Co., 187 S. W. 388.

Respondent cited:

Thorpe vs. New York, C. & H. Ry. Co., 76 N. Y. 402, 32 Am. Rep. 325; Dwinelle vs. New York, C. & H. Ry. Co., 120 N. Y. 117, 8 L. R. A. 224, 17 Am. St. Rep. 611, 24 N. E. 319; Williams vs. Pullman Palace Car Company, 40 La. Ann. 417, 4 So. 885, 8 Am. St. Rep. 538.

(3) To point three, Appellant cited the authorities cited to point two.

McCOY, J.   There was verdict and judgment in favor of plaintiff and against both defendants, from which judgment the defendant Chicago, Milwaukee & St. Paul Railway Company appeals. The vital question to be determined in this case is whether or not appellant is liable for the payment of damages at all under the facts and circumstances of this case. On the 13th of June, 1917, respondent was a passenger upon one of appellant's trains. Upon said train was a newsboy or news agent engaged in selling books, papers, cigars, lunches, and other things to passengers, and collecting, from persons to whom sales were made, the purchase price of such sales. The defendant Van Noy Interstate Company is an independent corporation, and was engaged in the business of operating railway restaurants along appellant's line of railway, and by contract with appellant obtained and had the concession and privilege of placing news agents upon the trains of appellant who were authorized to make sales of such merchandise as might be made to passengers, and to collect the purchase price of such sales. At the said time that respondent was a passenger upon appellant's train he purchased an orange from the said news agent, and in paying for said orange and the making of change resulting from said purchase a dispute arose between respondent and said news agent as to the correct amount of change belonging to said news agent, said news agent contending that he had delivered to respondent an excessive amount of change; that during said dispute over

the correctness of said change said news agent violently assaulted, struck, beat, and wounded respondent. This action was instituted to recover damages from appellant and said Van Noy Company claimed to have been caused by said unjustifiable assault.

Appellant presents three propositions for determination; (1) Error in excluding a certain certified transcript of justice's docket; (2) error in denying appellant's motion to direct a verdict; (3) error in relation to instructions refused and given.

[1] Appellant offered in evidence a certified copy of justice's docket, showing that respondent had been charged with and pleaded guilty to having unlawfully and feloniously received stolen property. It appeared that respondent was engaged in the business of purchasing scrap iron, copper, brass, lead, etc., and he testified that he was arrested for having some stolen metal type in his possession, and not knowing from whom he purchased the same, and not knowing from whom the same was originally purchased, the same having been part of a larger bulk purchase, and, not having to plead guilty to having stolen the same, he did plead guilty to having stolen property in his possession, and paid a fine of $10 and costs rather than be delayed by a trial. We are of the view that appellant was not prejudiced by the exclusion of this evidence. There is but little, if any, conflict in the evidence in this case. The question of respondent's credibility as a witness was not materially involved in a determination of the issues on the trial.

[2] At the close of plaintiff's testimony, and again at the close of all the evidence, appellant moved the court to direct verdict in its favor upon the ground that plaintiff failed to prove a case against said defendant; had failed to prove that any employee of the defendant company apprehended or had reason to believe that an assault was to be, or was likely to be, committed by the news agent upon the plaintiff; had failed to show that the conductor or brakeman or other employee on the train had notice or knowledge of the assault, or an opportunity to have prevented it or to have protected the plaintiff against injury; and for the reason that there was no evidence of negligence or default or failure on the part of the railroad company to perform its duty towards plaintiff as a passenger upon said train. We are of the view that this motion to direct a verdict was properly overruled. There is no question but what an assault was committed upon respondent by the news

agent who was engaged in selling merchandise upon this train by permission and under contract with appellant, and there is no question but what said assault was committed by said news agent while negaged in, and within the scope of, the business he was authorized to transact upon said train. We are of the view, and so hold, that a news agent, performing such duties on passenger trains, is a part and portion of the passenger service furnished by the railway company to its patron passengers, and stands upon the same legal basis as sleeping car service, and sleeping car employees; and, although such agent may have been in the immediate employment of some other independent contractor who was obliged by contract with the railway company to perform such services, still such news agent was also the agent of the railway company so far as concerned the transportation of passengers. Such services under such circumstances are performed by the railway company as a part of its general service of transporting passengers.

[3] The question involved in this case is not one of negligence, but is a question of the liability of a principal for the wrongful tort actions of the agent done within the scope of the agent's authority. The allegation of negligence in the complaint in this action was unnecessary, a complete cause of action having been alleged without reference thereto. In Dwinelle v. New York C. & H. Ry. Co., 120 N. Y. 117, 24 N. E. 319, 8 L. R. A. 224, 17 Am. St. Rep. 611, it was held that the porter of a sleeping car which formed a part of the train of a railway company under contract with the owner, who sold separate tickets for privileges upon such cars, and who furnished his own servant to collect tickets and assist passengers, was a servant of the railway company, for whose wrongful tort actions, such as assault, the railway was responsible under its contract to transport passengers, notwithstanding any agreement which may have been made upon the subject between the company and the owner of the car. To the same effect are Williams v. Pullman Car Co., 40 La. Ann. 417, 4 South. 85, 8 Am. St. Rep. 538; Penn. Co. v. Roy, 102 U. S. 451, 26 L. Ed. 141; Louisville Ry. Co. v. Church, 155 Ala. 329, 46 South. 457, 130 Am. St. Rep. 29, and note; Gannon v. Chicago Ry. Co., 141 Iowa, 37, 117 . W. 966; Thorpe v. N. Y. Cent. Ry. Ci., 76 N. Y. 402, 32 Am. Rep. 325; Cleveland Ry. Co. v. Walrath, 38 Ohio St. 461, 43 Am. Rep. 433. The rule stated in 10 C. J. 884, is as follows: -

"There is in general no difficulty in determining who are servants or employees of the carrier in such sense as to render it liable for their wrongful acts, the questions which have usually arisen being as to whether the wrong of the servant or employee was within the scope of his authority, or in the course of his employment, so as to render his principal liable for injuries resulting therefrom. The duty of the carrier to protect the passenger must be discharged by means of its employees engaged in carrying out the transportation contracted for. * * * Where a duty which the carrier owes to its passengers is involved, it cannot shift the obligation by delegating the performance of such duty to another, and, as respects the liability of the carrier for the proper performance of such duty, the employees of such other may be regarded as the employees of the carrier. Thus the carrier may be held liable as respects such duties for the negligent or wrongful acts of the employees of an independent contractor. * * * The question as to whether the person whose wrong caused the injury, was the employee of the carrier has arisen in determining the liability of railroad companies for the negligence or wrongful acts of porters on sleeping cars owned and controlled by an independent company, but used by the railroad company as a part of its train, and it has been held that, inasmuch as the employees of the railroad company have entire control of the trains and are engaged in the transportation of the passengers under contract with him, although he may be availing himself of the conveniences and additional accommodations of the sleeping car, such porters are to be deemed employees of the railroad company so far as the passenger is concerned."

The same logic, the same reasoning, that holds a railway company responsible for the wrongful acts of a sleeping car porter, and makes such porter an agent and employee of the railway company, applies to a news agent selling merchandise for the accommodation of the passengers upon a railway train. The matters and things the news agent is authorized to do within the scope of his employment are a part and portion of the train service furnished hte passenger by the railway company.

In Cleaney v. Parker, 167 Ala. 134, 51 South, 951, 140 Am. St. Rep. 21, it is held that a news agent on a train is acting within the

general scope and line of his employment, when he compels a passenger to pay the second time for a lemon purchased, using threats and an attempt to retake the lemon to compel such payment, so as to render his principal or master liable for the wrongful tortious assault, although the news agent may have exceeded his authority and violated the instructions of his principal. In this case the news agent was acting within the scope of his employment when he assaulted respondent. Under the authorities hereinbefore cited, the appellant, in the case present, was the principal or master of the news agent in question so far as concerned the respondent as a passenger upon appellant's train.

The instructions requested present substantially the same propositions involved in the motion to direct verdict. They presented substantially the proposition that the said news agent was not an employee of appellant, and that appellant could only be held liable for the negligence or wrongful acts of its employees who had charge of said train, such as the conductor and brakeman. We are of the view that the instructions were very favorable to appellant, possibly more so than warranted, and appellant could not possibly have been prejudiced thereby. The instructions as given fully and fairly presented the merits of the real issues tried out.

Finding no error in the record, the judgment and order appealed from are affirmed.